## M. A. CLARK *v.* THE GERMAN SECURITY BANK.

1. DAMAGES. *On affirmance in supreme court. Section 1422, Code 1880, construed.*
   Where the complainant was the holder of certificates of stock and the decree declared him the owner of the stock and entitled to a transfer thereof to his name on the books of the company, *held,* that the affirmance of this decree by the supreme court did not entitle appellee to five per cent. damages provided by § 1422, Code of 1880.

2. SAME.
   Damages under § 1422, of the Code of 1880, are to be allowed *only* when the judgment or decree of the lower court is (1) for a sum of money ; (2) where it is for the possession of real or personal property ; (3) where it is for the dissolution of an injunction or other restraining process at law or in chancery.

APPEAL from the Chancery Court of Warren County.

HON. WARREN COWAN, Chancellor.

On the affirmance of the decree in this case by the supreme court, *Clark* v. *German Security Bank, ante,* the appellee moved for a

decree allowing five per cent. damages under § 1422, Code of 1880. The nature of the proceeding in the lower court will be seen by reference to the preceding case.

*Buck & Clark,* for the motion.

1. Damages are given not as compensation for the deprivation of a right or for delay in its enjoyment, but as indemnity to the appellee for the trouble and expense of coming to this court to answer the appeal and " follow affirmance as a penalty for appealing from a proper judgment or decree." *Tigner* v. *McGhee,* 60 Miss. 244. They depend upon no condition but affirmance, and are given as much upon grounds of public policy as upon considerations of private justice, since if no consequences attached except the ordinary interest and costs, every case would be appealed, the docket would be overcrowded, and justice be delayed, not only in the particular case but in all others in the court. The statute ought therefore to receive a liberal rather than a restrictive construction, and to be applied to all cases coming fairly within its terms, its intendment, and even its equity. We think the present case is within both the terms and the equity of the statute. This was a controversy over the possession or ownership of shares in a corporation, and the decree was in favor of the possession or ownership of the appellee—*i. e.,* it was a decree that as against the appellant, who had seized the shares on attachment, the appellee was owner and was entitled to and *should have* possession in so far as such property is capable of possession. It is a mistake to suppose that appellee was already in possession of the *shares* in controversy. It had nothing but the stock *certificates,* with a power of attorney indorsed thereon entitling it to obtain the shares. There is a wide difference between shares and certificates ; the one are property and the other simply evidence of the ownership of property. They are indeed but secondary evidence, the books of the company being the best evidence. " The proprietary interest is quite independent of the certificate of ownership, which is mere evidence of title." *National Bank* v. *Watsontown Bank,* 105 U. S. 222 ; Colebrooke on Col. Sec., § 264. By his bill the complainant sought to establish its ownership and to acquire as against

the defendant the complete title and possession of the shares in controversy upon which the appellant had levied her writ.

2. There is another clause of the statute which clearly covers the case in our judgment·: " If the judgment or decree be for the dissolution of an injunction or other restraining process * * * or be a judgment or decree for the sale of property or some interest in it to satisfy a sum out of the proceeds of such sale *or to enforce or establish a lien or charge or claim upon or some interest in such property*," damages are given on the value of the property or the amount of the debt, whichever is the smaller. This clause is to be read as if the words, " or be a judgment or decree," were repeated just before the words we have italicized No other view will give operation to all the words.

*Frank Johnston, contra.*

Damages are to be assessed under § 1422, Code 1880—(1) If the decree dissolve an injunction computed on the debt; (2) If the dissolution be in respect to property; (3) *Or where* the judgment is for the SALE of property, or some interest in it, to satisfy a sum out of the proceeds; or to enforce a lien or charge upon the property or some interest in it. Now the computation is on the value of the property if less than the judgment. And if the property is *greater in value* than the judgment against it then the property is the basis. *But this all* proceeds on the idea that *a debt is sought to be enforced.* This is not the fact in the case at bar. It is not a case for the possession *of property.* It was to have a specific transfer made of stock. The last clause of the statute indicates *the mode of computation,* and this contemplates *a debt* as well as the property. This illustrates the meaning of the preceding clauses and excludes the case at bar. The complainant had a money claim and the defendant had a money claim, and the complainant held the certificates. On what debt is the computation to be made? But this is not a bill seeking the collection of a debt. If this case comes within the statute a proceeding by bill *quia timet* to remove a cloud on the title to real estate would also be embraced, as well as bills in equity for the cancellation of securities and the delivering up of muniments of title. In a word, there is no case, if Mr. Clark is right,

not embraced, save where a plaintiff suing for a debt *in personam* fails to get a judgment.

*Oliver Clifton, contra.*

Appellee claims that since the decree appealed from establishes a claim to the certificates he is entitled to five per cent. damages on affirmance.    In this he is mistaken.    There must be "a judgment or decree *for the sale* of property or some interest in it,   *   *   * to enforce or establish a claim upon, or some interest in such property," to entitle to damages.    It will be noticed as corroborative of this view that the decree must be one to enforce and establish a claim *upon* property and not a claim *to* property.    There must be *a sale* " to satisfy *a sum* out of the proceeds," and if the *lien* or *charge* or *claim* or *interest* cannot be expressed in advance of the sale in dollars and cents there must still be *a sale* to entitle to damages.    To make the section mean what is claimed by appellee, the words "be a judgment or decree" must be inserted before the words "to enforce."    This is hardly allowable in a statute of this character, which should be limited in its operations to the words used.

COOPER, J., delivered the opinion of the court.

This is a motion by the appellee to correct the judgment heretofore rendered by awarding damages at five per cent. on the value of the shares of stock which were the subject of controversy between the parties.

The motion must be denied.   By § 1422 of the Code of 1880, damages are to be given against the unsuccessful appellant at the rate of five per centum—first, where the judgment or decree of the lower court is for a sum of money ; second, where the judgment or decree is for the possession of real or personal property, and third, where the judgment or decree is for the dissolution of an injunction or other restraining process at law or in chancery.   The decree in the case before us is not of either of these classes.   That clause of § 1422, on which the appellee relies as conferring the right to damages, was added to prescribe the basis on which the damages given by the preceding portions of the section should be calculated

under certain circumstances, but does not give the right to damages in any other cases than those above enumerated.

*Motion denied.*