## L. D. FOX ET AL. *v.* R. C. MILLER ET AL.

1. INJUNCTION. *Dissolution. Damages. Code* 1892, § 572.

   An injunction to stay proceedings by a commissioner in chancery, although under a decree foreclosing a trust-deed, is not within the meaning of § 572, code 1892, providing for five per centum damage upon the dissolution of an injunction "to stay proceedings on a judgment at law for money," or "to stay sales under deeds of trust or mortgages with power of sale." The sales referred to by the statute are only such as are made by the donee of a power proceeding *in pais.*

2. CHANCERY PRACTICE. *Dissolution of injunction. Suggestion of damages.*

   On the dissolution of such injunction to stay proceedings in equity, the damages are allowable not by statute, but according to the rules of chancery practice in such cases, and, in the absence of any claim and proof of special damages, an allowance of five per centum of the amount of the decree is erroneous. *Clark* v. *Bank,* 61 Miss., 614.

3. SAME. *Counsel fees. Notice of claim. Code* 1892, § 573.

   Such an allowance cannot be sustained as one for counsel fees, there being no suggestion, in writing, on the hearing of the motion to dissolve, of the nature and amount of damages as required by § 573, code 1892.

FROM the chancery court of DeSoto county.

HON. B. T. KIMBROUGH, Chancellor.

In 1887 Thomas Fox conveyed certain land in trust to secure a debt of $4,000 due by him to appellee, Mrs. R. C.

Miller.   The land was occupied by Fox as a homestead, and his wife, the appellant, Lizzie D. Fox, joined in the trust-deed.   Default having been made in the payment of the debt, Mrs. Miller filed her bill in the chancery court of DeSoto county against Fox, his wife and the trustee, praying for foreclosure of the trust-deed.   Fox and his wife were non-residents, and were summoned by publication, but subsequently Fox was personally summoned.   Neither having interposed any defense, a final decree was rendered in favor of complainant, and a commissioner was appointed to make sale of the land to satisfy the decree, and, pursuant thereto, he advertised the sale.

This bill was filed by Mrs. Fox to enjoin said commissioner from selling the land, or taking any other steps in execution of the decree.   In her bill she alleged that the amount of the decree in favor of Mrs. Miller was excessive; that certain payments had not been credited, and she prayed that an accounting be had of the true amount due, and that, as wife of Fox and interested in the homestead which was about to be sold under the decree, she should be allowed to pay the balance found due, and thus preserve her homestead; that she was prepared to pay, and would pay, the amount found to be due.

A temporary injunction having been granted, Mrs. Miller made a motion to dissolve it on the face of the bill, which was sustained.   Thereupon, Mrs. Miller, without giving notice of any special damages, moved the court to allow such damages as it might think proper in view of the dissolution of the injunction; and from a decree allowing her five per centum of the amount of the foreclosure decree, Mrs. Fox prosecutes this appeal.

*W. A. Percy,* for appellant.

I concede that the injunction was properly dissolved, but no damages were proved and none should have been allowed. Section 572, code 1892, is not applicable, this not being an

injunction to stay proceedings on a judgment at law for money, or to stay a sale under a trust-deed or mortgage with power of sale. A sale by a commissioner under a decree of foreclosure is not a sale under the trust-deed. The effect of the injunction was to stay proceedings in equity. See High on Injunctions, § 1666; *Head* v. *Perry*, 1 Monroe, 253; *Martin* v. *Wade*, 5 *Ib.*, 77.

*Craft & Craft*, for appellees.

Section 572, code 1892, provides for just such a case as this. The allowance of five per centum damages was correct.

Cooper, J., delivered the opinion of the court.

The damages awarded by the chancellor are not such as are usually given by the chancery court under its rules of practice, but are allowable, if at all, under the statute. *Clark* v. *Bank*, 61 Miss., 614. Section 572, code 1892, provides that damages of five per centum shall be allowed upon the dissolution of an injunction " to stay proceedings on a judgment at law for money," or " to stay sales under deeds of trust or mortgages with power of sale." The injunction in this case was not to stay proceedings on a judgment at law for money, but to stay proceedings in equity. Nor was it to stay a sale under a deed of trust or mortgage with power of sale, within the meaning of the second clause of the statute. That has reference alone to an injunction against the exercise of the power of the deed by the donee of the power proceeding *in pais*.

The motion of the appellee for damages was general in its terms, and we find no suggestion for the fee of her solicitor. The statute (Code 1892, § 573) provides that a party desiring to have the same decreed by the chancellor or the chancery court " shall suggest, in writing, on the hearing of the motion to dissolve the injunction, the nature and amount of the damages."

　　　　　　　　　　　　　　　　*The decree is reversed.*